# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANA MORENO, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>  Defendants. | Case No. 1:23-cv-00449-SAB<br><br>ORDER VACATING JULY 19, 2023 HEARING<br><br>ORDER GRANTING MOTION TO DISMISS<br><br>(ECF Nos. 12, 15) |

**I.**

**INTRODUCTION**

Plaintiffs Juana Moreno, Veronica Moreno, George Moreno, Diega Moreno, Christina Moreno, Nancy Moreno, Gabriel Moreno, and Jerado Moreno[1] (collectively, "Plaintiffs") initiated this wrongful death civil action against Defendants United States of America, United Health Centers of the San Joaquin Valley ("UHC"), and Amarjot Rai, M.D. ("Rai") (collectively,

---

[1] The Court notes Plaintiff Jerado Moreno, the decedent's grandson, is named appears in the text of the complaint as a named plaintiff (see Compl. ¶¶ 1, 9, 29, ECF No. 1); however, the caption does not include Jerado's name. Construing all reasonable inferences in Plaintiffs' favor, it appears Plaintiffs intended to include Jerado Moreno as a party to this action.

1

"Defendants") on March 24, 2023.  (ECF No. 1.)  Presently before this Court is the Government's motion to dismiss.  (ECF No. 1.)  The parties have consented to the jurisdiction of the United States Magistrate Judge and this action has been assigned to Judge Stanley A. Boone for all purposes.  (ECF Nos. 7, 8, 10.)

The Court finds this matter suitable for decision without oral argument.  See Local Rule 230(g).  Thus, the hearing set for July 19, 2023 (see ECF No. 13), will be vacated and the parties will not be required to appear at that time.  Having considered the moving, opposition, and reply papers, as well as the Court's file, the Court shall grant the United States' motion to dismiss.

## II.

## BACKGROUND

Plaintiffs are the surviving family members and successors in interest to the decedent Alfred Moreno (the "Decedent").  (Compl. ¶¶ 1–9.)  Defendant UHC is a federal public health service that provides medical services in Fresno County.  (Id. at ¶ 11.)  Defendant Rai is a physician and surgeon employed at UHC.  (Id. at ¶ 12.)  Plaintiffs are suing Defendants UHC and Rai in their capacity as agents/employees of the United States.  (Id. at ¶ 21.)

Plaintiffs allege the Decedent was experiencing great discomfort and pain in his ribs "from or about before" January 2019, and employed UCH and Dr. Rai to diagnose and treat his medical condition.  (Id. at ¶ 20.)  UCH and Dr. Rai provided medical services to the Decedent on or before January 2019 through about November 2, 2019.  (Id. at ¶ 21.)  The Decedent died on November 2, 2019, while under UCH and Dr. Rai's care.  (See id. at ¶¶ 21–22.)  Plaintiffs claim the Decedent died as a result of UCH and Dr. Rai's negligent failure to exercise the proper degree of knowledge and skill in examining, diagnosing, treating, and caring for him; specifically, Plaintiffs allege Defendants failed to properly diagnose and treat the Decedent's medical condition.  (See id. at ¶¶ 24–27.)

Plaintiffs initiated this action on March 24, 2023.  (ECF No. 1.)  The complaint asserts causes of action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq.* for: (1) wrongful death based on medical malpractice and (2) survival action based on negligence.  (Id. at 1, 5–6.)  The parties consented to the jurisdiction of the United States

Magistrate Judge and the matter was assigned to Judge Stanley A. Boone on May 19, 2023. (ECF Nos. 7, 8, 10.) An initial scheduling conference is currently set for October 17, 2023.[2] (ECF No. 13.) On May 31, 2023, the United States filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 12.) On June 7, 2023, the United States answered the complaint. (ECF No. 14.) Plaintiffs filed a statement of non-opposition to the motion on June 14, 2023 (ECF No. 15), and the matter is deemed submitted.

## III.
## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001).

## IV.
## DISCUSSION

When a federal employee is named in a tort suit, the Attorney General or his designee may certify that the employee was acting within the scope of her office or employment at the time of the incident out of which the claim arose. Wuterich v. Murtha, 562 F.3d 375, 380 (D.C. Cir. 2009) (citing 28 U.S.C. § 2679(d)(1)). When such a certification is made, the individual employee is dismissed from the case and the United States is substituted as the defendant in place of the employee. Id. The suit is then governed by the FTCA and is subject to all of the FTCA's

---

[2] In light of the Court's ruling on the instant motion and the fact that the United States has already filed an answer to the complaint, the parties are advised that they may seek to advance the date of the scheduling conference by way of stipulation.

exceptions for actions in which the Government has not waived sovereign immunity. Id. "Certification by the Attorney General is prima facie evidence that a federal employee was acting in the scope of her employment at the time of the incident and is conclusive unless challenged. The party seeking review bears the burden of presenting evidence and disproving the Attorney General's certification by a preponderance of the evidence." Billings v. United States, 57 F.3d 797, 800 (9th Cir. 1995) (internal citations omitted).

Here, Plaintiffs have affirmatively alleged that Defendants UCH and Dr. Rai were acting at all relevant times as agents/employees of the United States (Compl. at ¶¶ 10–12, 15, 19, 21), and their causes of action are asserted pursuant to the FTCA (id. at ¶ 15). Further, the United States has certified that Defendants UCH and Rai were acting within the scope of employment for the Public Health Service, see 42 U.S.C. 233(g), at all times relevant to the complaint. (See ECF No. 11 (Chi-Soo Kim Cert.).) Thus, the United States moves to dismiss Defendants UCH and Dr. Rai for lack of subject matter jurisdiction under Rule 12(b)(1), and argues this matter should proceed against the United States as the sole defendant. (ECF No. 12-1 at 3.) Plaintiffs have filed a statement of non-opposition to the dismissal of UCH and Dr. Rai on this basis. (ECF No. 15.)

On this record, the Court finds this action is governed by the FTCA and the United States is the proper defendant. Wuterich v. Murtha, 562 F.3d at 380; Billings, 57 F.3d at 800. The United States is therefore properly substituted for Defendants UCH and Dr. Rai and those Defendants shall be dismissed.

## V.

## CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The July 19, 2023 hearing on the motion to dismiss is VACATED;
2. Defendant's motion to dismiss (ECF No. 12) is GRANTED;
3. Defendants United Health Centers of the San Joaquin Valley and Amarjot Rai, M.D. are DISMISSED for lack of subject matter jurisdiction; and

///

4. This action shall proceed on Plaintiffs' claims as asserted against Defendant United States of America.

IT IS SO ORDERED.

Dated: **July 10, 2023**

UNITED STATES MAGISTRATE JUDGE