# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANA MORENO, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Case No. 1:23-cv-00449-SAB<br><br>ORDER DENYING STIPULATED MOTION TO MODIFY SCHEDULING ORDER<br><br>(ECF No. 33) |

Currently before the Court is the parties' stipulation to extend expert deadlines, which the Court construes as a stipulated motion to modify the scheduling order. (ECF No. 19.) On October 17, 2023, the Court issued a scheduling order (ECF No. 19), which has been modified twice to extend the deadline for non-expert discovery only (ECF Nos. 28, 30). Pursuant to the scheduling order, Plaintiffs' expert disclosures were due on April 4, 2025; Defendant's expert disclosures deadline is on May 5, 2025; supplemental expert disclosures for both parties are due on May 30, 2025; and the expert discovery deadline is April 4, 2025. (ECF No. 19.)

For the following reasons, the Court shall deny the parties' motion to modify the scheduling order to re-open Plaintiff's expert disclosures and shall deny the modification of all remaining expert deadlines without prejudice.

///

///

1

# I.

# LEGAL STANDARD

This Court generally has significant discretion and authority to control the conduct of discovery. Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. The prejudice to other parties, if any, may be considered, but the focus is on the moving party's reason for seeking the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end, and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Mammoth Recreations, 975 F.2d 604 at 609). "Relevant inquiries [into diligence] include: whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent." United States ex rel. Terry v. Wasatch Advantage Grp., LLC, 327 F.R.D. 395, 404 (E.D. Cal. 2018) (internal quotation marks and citation omitted) (alteration in original).

# II.

# DISCUSSION

On May 2, 2025, the parties filed a stipulation to extend all expert deadlines. (ECF No. 33.) The parties proffer the extension of time is necessary because Plaintiffs failed to timely disclose their expert reports by April 4, 2025. Plaintiffs have informed Defendant that they will

1  disclose such reports on May 15, 2025. The parties therefore request that the scheduling order be
2  modified to extend Plaintiffs' expert disclosure deadline from April 4, 2025 to May 15, 2025.
3  Defendant also contends that Plaintiffs' untimely initial expert disclosure will affect Defendant's
4  own initial expert disclosure, which has an impending deadline of May 5, 2025, and all
5  subsequent expert deadlines. In short, the parties' four sentence stipulation requests that the
6  Court reopen Plaintiffs' initial expert disclosure deadline and extend all other expert deadlines
7  accordingly.

**A.    The Court Denies the Parties' Motion to Reopen Plaintiffs' Expert Disclosure**

It is "significant" when a party is seeking a "retroactive reopening" of discovery rather than extending the discovery deadline. W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1524 (9th Cir. 1990). "The difference [between the two types of requests] is considerable" because "a request for an extension acknowledges the importance of a deadline, [while] a retroactive request suggests that the party paid no attention at all to the deadline." Id. When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, the Court is to "consider the following factors: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017).

The parties acknowledge that Plaintiff's expert disclosure is "[c]ontrary to the Court's Scheduling Order (ECF No. 19) and Federal Rule of Civil Procedure 26(b)…." (ECF No. 33 at 1.) The parties fail to proffer, however, any reason for their failure to move for timely modification of the scheduling order. Instead, the parties request that the Court sanction the retroactive reopening of Plaintiffs' initial expert disclosure nearly a month after the deadline without making any showing of diligence to meet the April 4, 2025 deadline. Upon consideration of the legal standards and the parties' proffered reasons for the extension, the Court finds the parties have not been diligent and will therefore deny the parties' request pursuant to Rule 16

1  only to reopen Plaintiffs' initial disclosure deadline.

2  "Good cause" means scheduling deadlines cannot be met despite the party's diligence. Mammoth Recreations, Inc., 975 F.2d at 609. The instant motion is devoid of any explanation that even with the exercise of due diligence, Plaintiffs could not comply with their expert disclosure deadline by April 4, 2025. The Court does not independently find the initial disclosure deadline could not have been met despite Plaintiffs' diligence.

While this is a stipulated motion, trial is not set to commence until April 2026, and Defendant will only be prejudiced if the Court does not also extend its own May 5, 2025 initial expert disclosure deadline,[1] the parties have not demonstrated diligence in adhering to the guidelines established by the Court in the October 17, 2023 scheduling order. See City of Pomona, 866 F.3d at 1066. The parties proposed the April 4, 2025 deadline for Plaintiffs' initial expert disclosures in their joint scheduling report. (ECF No. 17 at 3.) The parties agreed to the same deadline at the October 17, 2023 scheduling conference. When the Court issued the scheduling order the same day, Plaintiffs were aware their experts needed to be disclosed by April 4, 2025 and that such "written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. 26(a)(2), (A), (B) and (C) and shall include all information required thereunder**."[2] (ECF No. 19 at 2.)

Further, upon review of the record in this action, the Court notes Plaintiffs had notice of the alleged defects in their disclosure by way of objections filed by Defendant over three weeks prior to the filing of the instant motion. (See ECF No. 32.) Given the paucity of detail in the parties' instant motion, the fact Plaintiffs' expert disclosure deadline expired four weeks prior to the instant motion, *and* Plaintiffs were aware of the defects in their disclosure over three weeks ago, the Court does not independently find the parties were diligent in seeking amendment once the need to amend became apparent. See United States ex rel. Terry, 327 F.R.D at 404.

---

[1] Defendant intimates Plaintiffs' proposed May 15, 2025 deadline somehow affects its ability to meet its own initial expert disclosure deadline. It appears Defendant stipulates to the retroactive reopening of Plaintiff's deadline in exchange for an extension of its own initial expert disclosure deadline.

[2] Under Rule 26(a)(2)(B), disclosure of an expert witness must be accompanied by a written report if the witness is retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. Fed. R. Civ. P. 26(a)(2)(B).

4

1  Accordingly, the Court denies the parties' stipulated motion to reopen Plaintiff's initial expert
2  disclosure deadline.[3]

3  As a final note, the limited issue before the Court is whether good cause exists to modify
4  the scheduling order pursuant to Rule 16 of the Federal Rules of Civil Procedure. The Court only
5  finds that good cause does not exist in the parties' sparse motion to sanction the retroactive
6  reopening of Plaintiffs' expert disclosure. Defendant has not moved to strike Plaintiffs' expert
7  disclosure for failure to produce a report pursuant to Rule 26. Thus, whether the failure to
8  disclose the report was substantially justified or is harmless is not properly before the Court. See
9  Fed. R. Civ. P. 37(c). If Defendant contends that the expert disclosure failed to comply with Rule
10 26, Defendant is not precluded from filing a proper motion requesting relief. Nor are the parties
11 precluded from continuing to work together and agreeing to disclose Plaintiff's expert reports
12 after the April 4, 2025 deadline without judicial enforcement under Rule 16.

### B.    The Court Denies the Motion to Continue Subsequent Expert Deadlines

The parties also proffer that Plaintiffs' planned disclosure of expert reports on May 15, 2025—a new deadline which remains unsanctioned by this Court—"require[s] Defendant to seek an extension on its current deadline to disclose expert reports of May 5, 2025 to June 20, 2025. The parties also now need to extend their supplemental expert disclosure deadline, which is currently May 30, 2025, to July 10, 2025, and extend expert discovery, currently set to close on August 4, 2025, to October 30, 2025." (ECF No. 33 at 1.)

Aside from accommodating the reopening of Plaintiffs' initial disclosures, the parties proffer no other reason to modify the remaining expert deadlines. Because the Court does not find good cause exists to retroactively reopen Plaintiffs' expert disclosure deadline, the Court does not find good cause exists to modify the remaining expert deadlines. The Court notes the parties' sparse motion does not explain why Defendant's own timely initial expert disclosure—as

---

[3] "In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence." Wong v. Regents of Univ. of California, 410 F.3d 1052, 1060 (9th Cir. 2005), superseded on other grounds by statute. The parties can always agree to conduct non-expert discovery, but its enforcement will not be available.

5

opposed rebuttal expert disclosure—is contingent upon Plaintiffs' expert disclosure.[4] The Court does not independently find good cause exists to continue the remaining expert deadlines, including Defendant's impending May 5, 2025 deadline to disclose its own experts. Accordingly, the Court shall deny, without prejudice, the parties' motion to modify the scheduling order as to Defendant's expert disclosure, rebuttal expert disclosure, and expert discovery.

Should the parties file a further motion for modification of the scheduling order, the parties are reminded <u>for the third and final time</u> that "**[s]tipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**" (ECF No. 19 at 7 (emphasis in original); ECF No. 28 at 1-2, n.1.) <u>Future motions for modification must meet the requirements set forth in the scheduling order.</u>

Accordingly, IT IS HEREBY ORDERED that:

1. The parties' stipulation to reopen Plaintiffs' initial expert disclosure (ECF No. 33) is DENIED; and

2. The parties' stipulation to modify the scheduling order as to the remaining expert deadlines (ECF No. 33) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **May 2, 2025**

STANLEY A. BOONE
United States Magistrate Judge

---

[4] Because the parties provide no explanation, the Court reviewed the parties' joint scheduling report filed on September 27, 2023. (ECF No. 17.) However, the parties did not proffer there either why Defendant's initial expert disclosures are affected by Plaintiffs'.

6