# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANA MORENO, et al., | Case No. 1:23-cv-00449-SAB |
| Plaintiffs, | ORDER DENYING DEFENDANT'S MOTION TO STRIKE/EXCLUDE PLAINTIFFS' EXPERT WITNESSES |
| v. | |
| UNITED STATES OF AMERICA, | (ECF No. 35) |
| Defendant. | |

Currently before the Court is Defendant United States of America's motion to exclude Plaintiffs Juana Moreno, Veronica Moreno, George Moreno, Diega Moreno, Cristina Moreno, and Nancy Moreno's (collectively, "Plaintiffs") proffered experts from testifying at trial.

A hearing was held in this matter on June 25, 2025. (ECF No. 38.) Counsel Daniel Harralson appeared on behalf of Plaintiffs and counsel Rachel Davidson appeared on behalf of Defendant. Having considered the moving, opposition, and reply papers, the arguments made at the June 25, 2025 hearing, as well as the Court's record, for the reasons explained herein, the Court denies Defendant's motion to exclude Plaintiffs' expert witnesses and modifies the expert deadlines in the scheduling order.

///

///

///

1

**I.**

**LEGAL STANDARD**

Rule 26 of the Federal Rules of Civil Procedure ("Rule") requires the disclosure of expert witnesses. Fed. R. Civ. P. 26(a)(2). Unless stipulated by the parties or otherwise ordered by the Court, the party's expert disclosure must be accompanied by a written report, which has been prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2)(B). The witness's "report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B).

Rule 37(c)(1) gives teeth to the expert disclosure "requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). Rule 37 provides that a party is not allowed to use information or witnesses that are not disclosed or supplemented as required by Rule 26(a) or (e) unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). "The Advisory Committee Notes describe [this] as a 'self-executing,' 'automatic' sanction to 'provide[] a strong inducement for disclosure of material. . . .' " Yeti by Molly, Ltd., 259 F.3d at 1106 (quoting Rule 37 advisory committee's note (1994)). District courts have discretion in determining whether to issue sanctions under Rule 37(c)(1). Id. The burden is on the party seeking to admit the evidence to demonstrate that the failure to disclose was substantially justified or harmless. Id. at 1107.

**II.**

**DISCUSSION**

A scheduling order issued in this action on October 17, 2023. (ECF No. 19.) The scheduling order provided, in pertinent part, that Plaintiffs were to disclose expert witnesses by April 4, 2025; Defendant was to disclose expert witnesses by May 5, 2025; all supplemental

1  experts were to be disclosed by May 30, 2025; and the parties were to complete expert discovery
2  by August 4, 2025.  (Id. at 2-3.)  The order expressly states that "written designation of retained
3  and non-retained experts **shall be made pursuant to Fed. R. Civ. P. 26(a)(2), (A), (B) and (C)**
4  **and shall include all information required thereunder**.  Failure to designate experts in
5  compliance with this order may result in the Court excluding the testimony or other evidence
6  offered through the experts that are not properly disclosed in compliance with this order."  (Id.
7  (emphasis in original).)

8  On April 4, 2025, Plaintiffs filed a document entitled "Plaintif(s) [*sic*] disclosure of expert
9  witnesses pursuant to Federal Rules of Civil Procedure, Rule 26(a)(1)" directly with the Court.
10 (ECF No. 31.)  The document lists two expert witnesses and attaches their curriculum vitae.  The
11 disclosure conflictingly noted that the experts' written reports were both "filed concurrently with
12 th[e] disclosure" and that the reports would be "provided once prepared."  (Id. at 1-2.)  As an
13 initial matter, such filing violates Rule 5, which provides that expert disclosures pursuant to Rule
14 26(a)(2) must not be filed with the Court until they are used in the proceeding or the court orders
15 filing.  Fed. R. Civ. P 5(d)(1)(A).

16 Plaintiffs' improperly filed expert disclosure did not include a written report by either
17 expert.  After Defendant alerted counsel for Plaintiffs of the deficiency on April 7, 2025, and
18 received no response, Defendant filed an objection to Plaintiffs' disclosure on April 10, 2025,
19 memorializing on the record that no written expert reports had been provided to Defendant.  (ECF
20 No. 35-2 at 6; ECF No. 32.)  Counsel for Plaintiffs informed Defendant on April 10, 2025 that he
21 did not anticipate requesting any expert prepare a written report and thus did not have any report
22 to produce but would request that his experts begin preparing reports.  (ECF No. 35-2 at 6-8.)

23 On May 2, 2025, the parties filed a sparse stipulation to modify the scheduling order to
24 continue all expert discovery deadlines to allow Plaintiffs' experts to prepare reports. (ECF No.
25 33.) The same day, the Court denied the procedurally and substantively deficient stipulation,
26 finding the parties failed to provide good cause to sanction the retroactive reopening of Plaintiffs'
27 expert disclosure under Rule 16. (ECF No. 34.) The Court expressly noted that whether such
28 untimely disclosure was substantially justified or harmless was not before the Court. (Id. at 5.)

On May 5, 2025, Defendant filed the instant motion and set the hearing for seven weeks later on June 25, 2025.[1] (ECF No. 35.) Defendant contends Plaintiffs' deficient expert disclosure violated Rule 26(a)(2) and the Court's scheduling order and requests that Plaintiffs' experts be automatically excluded under Rule 37(c)(1).[2]

On June 18, 2025, Plaintiffs filed their opposition. (ECF No. 36.) Plaintiffs proffer that since Defendant's May 5, 2025 motion, they have provided their experts' written reports: Ari D. Baron, M.D.'s report was served on June 2, 2025 and Joseph Penbera, Ph.D.'s report was served on June 16, 2025. (Id. at 2.) Because June 2, 2025 and June 16, 2025 fall far outside the April 4, 2025 expert disclosure deadline, Plaintiffs bear the burden of demonstrating that their failure to disclose experts in compliance with Rule 26(a)(2) was substantially justified or harmless. Yeti by Molly, Ltd., 259 F.3d at 1107. Plaintiffs concede that they violated Rule 26(a)(2) by failing to provide Dr. Baron and Dr. Penbera's reports by April 4, 2025 and do not dispute such failure is not substantially justified. (ECF No. 36 at 3.) Exclusion of Plaintiffs' experts therefore hinges on whether the untimely disclosure was harmless.

"Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." Lanard Toys Ltd. v. Novelty, Inc., 375 F. App'x 705, 713 (9th Cir. 2010). Notably, the plaintiff in Lanard failed to strictly comply with the Rule 26(a)(2)(B) requirements by the disclosure deadline, but did timely provide detailed information about the expert's background and expertise, a copy of the expert's curriculum vitae, a list of representative cases in which he had testified, a listing of the materials reviewed in support of his declaration, and a statement of his scope of work for the case. Id. at 713. The Lanard plaintiff then provided

---

[1] Given the only relief sought by Defendant is the imposition of sanctions—complete exclusion of Plaintiffs' expert testimony—Defendant was only required to bring a motion for hearing on fourteen days' notice. L.R. 251(e). Instead, Defendant set the hearing to occur fifty-one days after the filing of the motion, making Plaintiffs' response not due until June 18, 2025.

[2] Defendant's May 5, 2025 motion does not seek any lesser sanction than complete exclusion of Plaintiffs' experts for their Rule 26(a) violation. See Fed. R. Civ. P. 37(c)(1)(A)-(C).

4

1  an expert declaration that fully satisfied Rule 26(a)(2)(B) more than three weeks before the cutoff
2  date for expert discovery and more than seven months before trial.  Id.  The Ninth Circuit found
3  the trial court did not abuse its discretion in allowing the expert testimony.  Id.

4  Here, Plaintiffs timely served—but improperly filed—an expert disclosure which included
5  limited details about each expert's qualifications and copies of each expert's curriculum vitae.
6  (ECF No. 31.)  Because Plaintiffs timely disclosed limited details about Dr. Baron, a
7  hematologist-oncologist who will testify about Defendant's alleged failure to meet the standard of
8  care in diagnosing and providing medical treatment for the decedent related to lung cancer, and
9  Dr. Penbera, a forensic economist who will testify to Plaintiffs' economic damages, Defendant's
10 prejudice or surprise is lessened.  See Lanard Toys Ltd., 375 F. App'x at 713.  Further, and unlike
11 the authorities proffered by Defendant, Defendant's surprise and indisputable prejudice comes at
12 a time when it now is in possession of the untimely written reports, expert discovery remains
13 open, the dispositive motion deadline is six months away, and the bench trial will not be held for
14 another ten months.  (ECF No. 35 (citing Sanchez v. California, No. 1:12-cv-1835, 2015 WL
15 2185186, at *9-10 (E.D. Cal. May 8, 2015) (granting a parties' motion *in limine* to exclude
16 witnesses disclosed after the discovery cutoff who defendants were unable to depose); Quevedo
17 v. Trans-Pac. Shipping, Inc., 143 F.3d 1255, 1258 (9th Cir. 1998) (holding that the district court
18 did not abuse its discretion in disregarding an untimely expert witness report that was not
19 provided until the plaintiff submitted it in opposition to the defendant's motion for summary
20 judgment); Christensen v. Goodman Distrib., Inc., No. 2:18-CV-2776-MCE-KJN, 2021 WL
21 71799, at *7 (E.D. Cal. Jan. 8, 2021) (imposing the "harsh sanction" of precluding a plaintiff's
22 mental healthcare providers' expert testimony after repeated and ongoing failure to provide
23 compliant disclosures despite several extensions from the court and from defendant).)

24 Plaintiffs argue that exclusion of their experts would amount to constructive dismissal of
25 their medical malpractice claim because expert testimony is required to prove that Defendant
26 failed to act in accordance with the prevailing standard of care and that the alleged breach of that
27 standard of care was a substantial factor in causing Plaintiffs' alleged harm. (ECF No. 36 at 5.)
28 The Ninth Circuit has noted that when a Rule 37(c)(1) sanction will "deal[ ] a fatal blow" to a

1  party's claim, "a district court must consider 'whether the claimed noncompliance involved
2  willfulness, fault, or bad faith' in untimely disclosure and, if requested by the noncompliant party,
3  (2) 'the availability of lesser sanctions' " under its harmlessness inquiry.  Merch. v. Corizon
4  Health, Inc., 993 F.3d 733, 740 (9th Cir. 2021) (quoting R & R Sails, Inc. v. Insurance Co. of
5  Pennsylvania, 673 F.3d 1240, 1246–48 (9th Cir. 2012)); see also Lanard Toys Ltd., 375 F. App'x
6  at 713.  Here, Plaintiffs' failure to timely provide written reports was due to counsel's
7  "impression that reports of experts would only be provided if one was prepared" and, because
8  counsel did not anticipate requesting written reports, he did not have any reports by Dr. Baron or
9  Dr. Penbera prepared.  (ECF No. 35-2 at 8.)  Plaintiffs undoubtedly should have checked Rule
10 26(a) and the Court's emphasized citation to it in its October 17, 2023 scheduling order.  See
11 Pincay v. Andrews, 389 F.3d 853, 859 (9th Cir. 2004) (recognizing that "a lawyer's failure to read
12 an applicable rule is one of the least compelling excuses that can be offered….")

13 Defendant's point that Plaintiffs knew that expert testimony is essential in medical
14 malpractice actions and that counsel for Plaintiffs has previously filed identical deficient
15 disclosures without corresponding written reports gives the Court pause in making its willfulness
16 determination.  (ECF No. 37 at 5 (citing Manzo v. United States, No. 1:03-cv-6451-AWI-SMS,
17 2006 WL 687270 at *4-5 (E.D. Cal. Jan. 31, 2006) (plaintiffs filed deficient expert disclosures
18 that only identified experts and their qualifications without the required expert reports and
19 *because plaintiffs still failed to provide reports even after defendant pointed out the deficiency,*
20 *summary judgment* was entered for defendant because plaintiffs' medical malpractice claims
21 required expert testimony) (emphasis added).)  Although misunderstanding of an applicable rule
22 is not a compelling excuse—particularly after a documented similar failure to understand the
23 same rule—the Court does not find Plaintiffs' failure to timely disclose their experts' written
24 reports in this case rises to the level of bad faith or willfulness that requires the harsh sanction of
25 exclusion.  In making such finding, the Court focuses only on the communications between the
26 parties contained in Defendant's motion and Plaintiffs' prompt request to their experts therein for
27 written reports when Defendant brought the deficiency to Plaintiffs' attention.

28 The Court also emphasizes that such finding in no way sanctions a "free pass" for

violating Rule 26(a)(2) or that compliance with the Federal Rules, Local Rules, and orders of this Court is optional. (See ECF No. 37 at 4.) The Court does not condone the conceded violation of Rule 26(a)(2) that gave rise to this motion, which required the time and efforts of counsel for Defendant and the Court. As expressed at the June 25, 2025 hearing, the Court is more than willing to entertain additional lesser sanctions; however, Defendant respectfully declined to make any lesser request.[3] However, the rules of the federal court are not recommendations, they are rules. Future non-compliance with the rules cannot be further condoned. This analysis also applies to orders of the Court and deadlines. Here endeth the lesson.

Plaintiffs request a modification of the scheduling order only to extend the deadline of expert discovery as a lesser sanction.[4] See Merch. v. Corizon Health, Inc., 993 F.3d at 741 ("[A] party facing sanctions under [Rule 37] bears the burden of showing that a sanction other than exclusion is better suited to the circumstances.") Although the Court agrees with Defendant that late disclosure of information required by Rule 26(a) is not harmless where it requires a new scheduling order to be created, Hoffman v. Constr. Prot. Servs., Inc., 541 F.3d 1175, 1180 (9th Cir. 2008), as amended (Sept. 16, 2008), Rule 37(c)(1)(C) provides the Court broad discretion to craft an appropriate sanction. Given that (1) Dr. Baron and Dr. Penbera were timely, albeit deficiently, identified in Plaintiffs' improperly filed initial disclosure; (2) Defendant has now been provided both written reports; and (3) the dispositive motion deadline is six months away and the bench trial is ten months away, the Court finds a limited modification of the scheduling order to be a reasonable alternative to striking Plaintiffs' experts. (See ECF No. 36 at 4.)

The Court recognizes that Defendant has been uniquely prejudiced, as Plaintiffs' failure to timely disclose their experts' written reports prohibited Defendant from disclosing its experts by

---

[3] Defendant made an alternative "lesser" request to only strike Plaintiffs' forensic economist, Dr. Penbera, as such expert is not as dispositive of this action as Plaintiff's standard of care expert. The Court does not find this to be an appropriate sanction given it would require that the Court weigh evidence at this stage to determine a less dispositive expert purely for punitive purposes. Further, even if no expert testimony was potentially case-dispositive, the Court must still consider the remaining factors related to the ability to cure the prejudice and the likelihood of disruption of the distant trial. See Lanard Toys Ltd., 375 F. App'x at 713.

[4] Defendant argues in reply that Plaintiffs must show good cause under Rule 16 for any scheduling order modification. (ECF No. 37 at 2-3.) If such request was brought by Plaintiffs under a Rule 16 motion, the Court would agree with Defendant. Here, however, modification of the scheduling order is contemplated as a cure to the prejudicial effect of Plaintiff's Rule 26(a)(2) violation.

the May 5, 2025 deadline pursuant to the parties' agreement to stagger their expert disclosures. (ECF Nos. 17, 19, 35.) The Court finds it can cure the prejudice to Defendant without disrupting the April 21, 2026 bench trial set in this matter by modifying the scheduling order limited only to reopening Defendant's expert deadlines and extending the August 4, 2025 expert discovery deadline to a date proposed by Defendant. As proposed by Defendant at the June 25, 2025 hearing, the expert deadlines shall be modified as follows: Defendant's expert disclosures shall be due by July 31, 2025 and the expert discovery deadline is extended to October 10, 2025. As stated at the hearing and without objection from Plaintiffs, the Court will not reopen the supplemental expert deadline for Plaintiffs' benefit that expired on May 30, 2025. The December 8, 2025 dispositive motion deadline, March 6, 2025 pretrial conference, and April 21, 2026 bench trial remain unchanged. **The parties are advised that no further requests to modify the scheduling order will be granted**.

## III.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to exclude Plaintiffs' expert witnesses (ECF No. 35) is DENIED; and
2. The scheduling order is modified as follows: Defendant's expert disclosure deadline is **July 31, 2025** and the expert discovery deadline is **October 10, 2025**. All other aspects of the scheduling order shall remain in effect.

IT IS SO ORDERED.

Dated:   **June 26, 2025**

STANLEY A. BOONE
United States Magistrate Judge